PEOPLE *v.* McMURTY. **333**

Misc. 333]    City Magistrate's Court of New York, December, 1926.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MARIE McMURTY, Defendant.

City Magistrate's Court, City of New York, Homicide Court, Borough of Manhattan, December 5, 1926.

Crimes — homicide — preliminary hearing shows defendant shot and killed deceased in altercation in her bedroom after deceased had threatened to sever defendant's head with cleaver — defendant discharged for lack of evidence showing commission of crime charged in information — city magistrate has power, under Code of Criminal Procedure, § 207, to discharge party accused of crime for insufficient evidence.

Defendant, who was arraigned before a city magistrate of the city of New York, on a charge of homicide, must be discharged where the uncontradicted evidence shows that said defendant shot and killed the deceased in an altercation in her bedroom after deceased had threatened to sever defendant's head with a cleaver, and there is no evidence to show the commission of the crime charged.

A city magistrate has the right, under section 207 of the Code of Criminal Procedure, to discharge a party accused of a crime if it appear either that a crime has not been committed or that there is insufficient evidence to believe the accused guilty thereof.

HEARING before city magistrate of charge that defendant committed homicide.

*John F. McGowan, Deputy Assistant District Attorney,* for the people.

*Samuel Berger,* for the defendant.

GORDON, City Magistrate.   This is an adjourned hearing in the case of *People* v. *McMurty.*

It is charged that on the 20th of November, 1926, in the city and county of New York, the defendant, while engaged in an altercation with one James White, at 2793 Eighth avenue, did fire and discharge the contents of three chambers of a revolver loaded with powder and leaden balls at the body of James White and cause the latter such serious injuries that he died on the 21st of November, 1926, at the Harlem Hospital.

The evidence in this case disclosed that at about four A. M. of November 20, 1926, the defendant, whose age is twenty-eight years and who is colored, killed one James White, age fifty-three, colored, by means of bullets fired by her from a revolver which she possessed. The defendant recently arrived and brought the revolver with her from West Virginia where she claims its possession without permit is lawful. The defendant was arrested on November 22, 1926, and she is still in restraint.

City Magistrate's Court of New York, December, 1926.    [Vol. 128

The circumstances of the shooting and the after events are simple. The defendant lodged in the home of the deceased and his wife, the latter of whom is a cousin of the defendant. The defendant came home at about one A. M. of the morning of the homicide and found the deceased and his wife partly intoxicated, and consuming liquor. The drinking continued until the shooting. All the parties were in a degree under the influence of liquor. Very probably the deceased was fully intoxicated. The defendant is frail in bone and flesh. The deceased was strong and sturdy. He boasted of his muscle. As on a previous occasion, he proceeded to make exhibition of his muscle and strength, seizing and twisting the defendant's wrist and causing her pain. She freed herself from his grasp and he fell. He became enraged and seized a cleaver eighteen inches long and about four inches wide (the cleaver is in court), and, approaching the defendant, shouted a threat that he would sever her head. He had similarly performed on one occasion in the past, and the defendant was then saved by the intervention of the wife of the deceased who snatched the cleaver·from his hand and hurled it through the window.

This transpired in the defendant's bedroom. In this danger she reached for the revolver, which was under the mattress of her bed, and discharged three bullets, at least two of which took effect, and the defendant is here to answer criminally for her act. There is no claim of spleen between the parties, no motive for the killing is urged or appears. This is the People's evidence.

Homicide is the killing of one human being by another. Not every killing is unlawful. In time of war, in the defense of one's country, we honor it as patriotism. Besides, it may be accidental. It is then termed excusable. (Penal Law, § 1054.) It is justifiable when committed in defense of the slayer when there is reasonable ground to apprehend a design by the person slain to commit a felony or to do some personal injury to the slayer and there is imminent danger of such design being accomplished. (Penal Law, § 1055.)

It is not necessary to enter into legal refinement or definition in this case. If the defendant had not done the act which is now charged as a crime the position would undoubtedly now be reversed; she would be in her grave and the slain would be the defendant here. The defendant has done nothing which the most cautious person would not have done in her position. She stands here friendless and undefended, and the court owes an equal duty to the living as to the dead. It would be a miscarriage of justice if the criminal law required further procedure to accomplish the defendant's liberation. In my judgment there is no such circum-

scription. A magistrate is directed to discharge a party accused of crime if it appear either that a crime has not been committed or that there is no sufficient cause to believe the defendant guilty thereof. (Code Crim. Proc. § 207.)

The evidence in this case is uncontradicted; the witnesses all unimpeached. Credibility may not be refused. No crime was committed by the defendant. There being no sufficient cause to believe that Marie McMurty is guilty of the offense charged, I order her discharged.

I am without power to make a determination on the charge that she unlawfully possessed a revolver. She has violated the law, undoubtedly a fortunate fortuity. I respectfully recommend the defendant for merciful consideration by the Court of Special Sessions, and request that a copy of this opinion be transmitted to that court.

I reduce her bail from $25,000 on that charge to $2,500.